# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GENARO MAMARIL,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-17-0034-I-1 |
| v. | |
| DEPARTMENT OF COMMERCE,<br>　　　　　　Agency. | DATE: April 8, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Ashley Geisendorfer, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his constructive suspension appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant filed the instant appeal, alleging that he was constructively suspended for more than 14 days after the agency denied his request for reasonable accommodation. Initial Appeal File (IAF), Tab 1 at 3, 11. On December 4, 2017, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 26, Initial Decision (ID) at 1. The initial decision stated it would become final on January 8, 2018, unless a petition for review was filed by that date. ID at 4-5.

The appellant filed an untimely petition for review on February 26, 2019. Petition for Review (PFR) File, Tab 1. The agency has filed a response urging, as relevant here, that the petition for review be dismissed as untimely filed. PFR File, Tab 3 at 5-7. The appellant has replied to the agency's response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

To be timely, a petition for review must be filed within 35 days of the date of the initial decision's issuance or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). As the party filing the petition for review, the appellant bears the burden of proof with regard to timeliness, which he must establish by preponderant evidence. *Perry v. Office of Personnel Management*, 111 M.S.P.R. 337, ¶ 5 (2009); *see* 5 C.F.R. § 1201.56(b)(2)(i)(B) (explaining that an appellant has the burden of proving the timeliness of his appeal by preponderant evidence). The Board will excuse the late filing of a petition for review only on a showing of good cause for the delay. *Perry*, 111 M.S.P.R. 337, ¶ 6; 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).

To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd per curiam*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Here, the administrative judge informed the appellant that the initial decision had a January 8, 2018 finality date, unless either party filed a petition for review by that date. ID at 4-5. Although the appellant claims that he did not receive the initial decision, the decision contained a certificate of service certifying that it had been mailed to both the appellant and his representative at their addresses of record on December 4, 2017. IAF, Tab 1 at 2, 6, Tab 27. A letter properly addressed, stamped, and mailed is presumed to have been duly delivered to the addressee. *Gross v. U.S. Postal Service*, 103 M.S.P.R. 334, ¶ 7 (2006); *Hall v. Defense Logistics Agency*, 69 M.S.P.R. 17, 20 (1995), *aff'd per curiam,* 106 F.3d 426 (Fed. Cir. 1997) (Table). Further, receipt by an appellant's duly designated representative constitutes constructive receipt by the appellant. *Darby v. U.S. Postal Service*, 29 M.S.P.R. 582, 583 (1986). Thus, the initial decision is presumed to have been delivered.

However, on December 15, 2018, the appellant's representative sent a fax to the regional office indicating, under penalty of perjury, that neither he nor the appellant had received the initial decision, and he requested that they be served. PFR File, Tab 1 at 7-9. Attached to that fax were March 13 and October 3, 2018 statements signed by the appellant, in which he similarly stated under penalty of perjury that he had not yet received a copy of the initial decision. *Id*. at 10-11. The appellant and his representative's sworn statements are sufficient evidence to rebut the presumption of delivery. PFR File, Tab 1 at 11; *see, e.g.*,

*Foust v. Department of the Treasury*, 80 M.S.P.R. 477, ¶¶ 6, 8 (1998) (finding that an appellant's sworn statement on her initial appeal as to the date she received the agency's removal decision, and her subsequent unsworn statement with her petition for review as to the same, were sufficient to rebut the presumption of delivery of the decision). In response to the representative's December 15, 2018 letter, on December 17, 2018, the regional office faxed him a copy of the initial decision. PFR File, Tab 4 at 3, 7-19. Thus, the Board finds that the appellant constructively received the initial decision on December 17, 2018.

Based on that receipt date, the appellant's petition for review would have been due on or before January 16, 2019, but the filing deadline was extended due to the partial Government shutdown from December 22, 2018, through January 25, 2019. Merit Systems Protection Board Press Release, Status of the U.S. Merit Systems Protection Board During a Partial Government Shutdown (Dec. 21, 2018), https://www.mspb.gov/publicaffairs/press_releases/Status_of_the_MSPB_During _a_Partial_Government_Shutdown_1580906.pdf (last visited Apr. 8, 2024). Thus, the deadline to file the petition for review was extended to February 19, 2019. The appellant, through his attorney, filed his petition for review on February 26, 2019, 7 days past the deadline.[2] PFR File, Tab 1. Thus, his petition for review was untimely filed. *See Belcher v. U.S. Postal Service*, 101 M.S.P.R. 58, ¶ 7 (2006) (declining to excuse a 6-day filing delay when the appellant failed to show due diligence, even though he was proceeding pro se and the filing delay was not particularly lengthy); *Lockhart v. Office of Personnel Management*,

---

[2] On review, the appellant argues that 5 days were added to his deadline to respond under 5 C.F.R. § 1201.23. PFR File, Tab 1 at 2. However, the controlling regulation is 5 C.F.R. § 1201.114(e), which concerns the deadline for filing a petition for review. Under that regulation, because the appellant has shown the initial decision was received more than 5 days after issuance, his 30-day deadline began to run on the date he constructively received the initial decision, which was when it was received by his representative via fax on December 17, 2018. PFR File, Tab 4 at 3, 7-19.

94 M.S.P.R. 396, ¶¶ 7-8 (2003) (declining to excuse a 5-day delay in filing a petition for review when the pro se appellant failed to show good cause for the delay).

The appellant has offered no explanation for this delay in filing his petition for review after his receipt of the initial decision. His arguments regarding the merits of the initial decision dismissing his appeal for lack of jurisdiction do not establish good cause for his untimely filing. PFR File, Tab 1 at 3; *see Wright v. Department of the Treasury*, 113 M.S.P.R. 124, ¶ 7 (2010) (finding that arguments regarding the merits of a case do not establish good cause for an untimely filed petition for review).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's constructive suspension appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.